*Henry against* Gamble and Whitlow.

IN the Supreme Court of *Washington* county, the defendants in Error declared in debt against *Henry,* describing the note as made "in said county," for the payment of $161 15, on the 25th day of December then next, or *on Demand,* in merchandize, and assigned as breach the failure to pay the money—saying nothing of a demand of, or failure to pay in merchandize. The declaration concludes "to the " damage of the plaintiffs        Dollars, and therefore they " bring suit, &c." In the writ, the damages are laid at $150, and by its indorsement it appears that the note was made and dated at *St. Stephens.*

*Margin notes:*

NOVEMBER, 1820.

Land v. Patteson.

2. If the writ of Error has not been issued by the proper officer, the Court will without motion notice the defect, and dismiss the cause.

(*a*) See *Laws, Alaba.* P. 168, *Sect.* 20.

*November,* 1820.

1, Debt lies on promissory note to pay $161 15 on a certain day, or on demand, in merchandize, and it is not necessary to aver failure to pay in merchandize.

NOVEMBER,
1820.

Henry
v.
Gamble and
Whitlow.

*Henry* demurred to the declaration, and set down as causes of demurrer, 1, That debt will not lie on the contract described in declaration. 2, It appears that the note was made at *St. Stephens,* and it does not appear from any part of the proceedings that *St. Stephens* is within the jurisdiction of the Court.

2, By the indorsement of the writ, the note appears to have been made at *St. Stephens.*
It is sufficient to describe it in the declaration as made in *Washington* County.
3, Damages omitted in the declaration and judgment final on demurrer. Omission supplied by reference to writ.

The Superior Court overruled the demurrer, and rendered judgment against *Henry* for the debt and interest. He appealed to this Court, and here assigned as Errors,

1st, the Court below overruled the demurrer.

2d, In the declaration the breach only alleges failure to pay the debt in money.

3d, Judgment was rendered for the interest when none was claimed.

The Chief Justice delivered the opinion of the Court.

By the note the appellant undertook to pay a certain sum of money on a certain day, or to pay that value in merchandize on demand. It was in the election of the appellees to give effect to the latter clause of the contract, to demand or not demand payment in merchandize. Until such demand, the appellant could not avail himself of this part of the contract. The action for the money was properly brought, and the breach sufficiently assigned.

By the indorsement on the writ the note appears to have been made at *St. Stephens.* The Court is bound to know that this place is in *Washington* County, more especially as it is a place recognized by our Statutes as in that County. But this is a transitory action, and the cause of action might have been proved to have arisen in any other County.

As to the last assignment,—It may be doubted whether at common Law it was necessary to lay damages at all in a declaration in debt : (2 Wash. 212.) But our Statute of Jeofails goes farther, and is less qualified, than perhaps any other : by St. 21 Jac. ch. 13 ; " No judgment *after* Verdict " shall be reversed for any variance in form only between " the original and declaration." By the Virginia Statute :— " No judgment after Verdict shall be reversed for any vari- " ance in the writ from the declaration, nor for any mistake in " the Christian name, &c. &c., the same being right in any " part of the Record or proceedings," omiting the words " *in* " *form only.*" The Virginia Statute has been held even in an action sounding in damages, to cure *after verdict* the omission of damages in the declaration. Our Statute (Laws Ala. p. 454, sect. 36) provides that " no summons, writ, de- " claration, return process, or other proceedings, shall be

NOVEMBER, 1820.

Henry
v.
Gamble and Whitlow.

" abated, arrested, quashed, or reversed, for any mistake in the " Christian name or surname of either party, sum of money, " &c. in the declaration or pleadings, the same being right in " any part of the Record or proceedings." Our Statute omits the words *after verdict*, which are used in the St. Jas. 1, and in the Statute of Virginia. Under the operation of the two latter, a judgment *after verdict* could not be reversed, for the matter here assigned as Error. By our Statute it seems that no judgment shall be reversed, at any time, or under any circumstances, whether after verdict or not, for any mistake in the name, sum, &c. they being right in any part of the Record and proceedings.

The writ is clearly part of the Record for the purpose of amendment. The amendment would have been properly allowable in the Court below, and this Court is required to consider it as having been made. Let the judgment be affirmed.

*Crawford* and *Hitchcock* for appellant, *Pickins* for appellee.